IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JASON SAUNDERS,

        Petitioner,                Case No. 1:07-cv-00525 ALA HC

   vs.

JEREMY GARRISON,

        Respondent.            ORDER

_____/

       Petitioner Jason Saunders ("Petitioner") is a state prisoner proceeding *pro se* with an application for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254(a).

       In his application, Petitioner alleges that the California Department of Corrections and Rehabilitation ("CDCR") deprived him due process by "falsifying, antedating and manipulating official documents" to prevent him from filing a timely appeal of his disciplinary conviction. (Petition at 31; Reply at 2). Petitioner argues that his disciplinary appeal was untimely because he received his Rules Violation Report ("RVR") on July 6, 2006, thereby making his appeal

1

automatically untimely under 15 C.C.R. § 3084.6(c).[1] (Petition at 9; Ex. 1). Respondent claims that Petitioner received his RVR on June 9, 2006 at 9:00 P.M., and thus had ample time to file a disciplinary appeal within the time limit of 15 C.C.R. § 3084.6(c). (Answer at 4). Petitioner has requested an evidentiary hearing as to this issue.

In order to ascertain if an evidentiary hearing to clarify when Petitioner received his RVR is appropriate, this Court must determine whether he is entitled to one under applicable law. To grant an evidentiary hearing, a district court must ascertain whether the petitioner developed the factual basis of a claim in state court. "Because a federal court may not independently review the merits of a state court decision without first applying the AEDPA standards, a federal court may not grant an evidentiary hearing without first determining whether the state court's decision was an unreasonable determination of the facts." *Earp v. Ornoski*, 431 F.3d 1158, 1166 (9th Cir. 2005).

If Petitioner developed the factual basis of his claim in state court, the district court must hold an evidentiary hearing if Petitioner can show that:

> (1) the merits of the factual dispute were not resolved in the state hearing; (2) the state factual determination is not fairly supported by the record as a whole; (3) the fact-finding procedure employed by the state court was not adequate to afford a full and fair hearing; (4) there is substantial allegation of newly discovered evidence; (5) the material facts were not adequately developed at the state-court hearing; or (6) for any reason it appears that the state trier of fact did not afford the habeas applicant a full and fair hearing.

*Townsend v. Sain*, 372 U.S. 293, 313 (1963). In a case where a petitioner alleges in his federal court application for habeas corpus relief that he did not adequately develop the material facts in a state-court proceeding, the petitioner is not entitled to an evidentiary hearing unless "he can

---

[1] 15 C.C.R. § 3084.6(c) provides: "An appellant must submit the appeal within 15 working days of the event or decision being appealed, or of receiving an unacceptable lower level appeal decision."

show cause for his failure to develop the facts in state-court proceedings and actual prejudice resulting from the failure." *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 11 (1992). "If [a petitioner] can establish any one of these circumstances, then the state court's decision was based on an unreasonable determination of the facts and the federal court can independently review the merits of that decision by conducting an evidentiary hearing." *Earp*, 431 F.3d at 1167. If, however, a petitioner fails to develop the factual basis for his or her claim in state court, the district court must deny an evidentiary hearing unless he or she establishes one of two narrow exceptions provided in 28 U.S.C. § 2254(e)(2).[2] *Baja v. Ducharme*, 187 F.3d 1075, 1078 (9th Cir. 1999).

The due process claim raised in the instant application was raised by Petitioner in the state petitions he filed in the Fresno County Superior Court on December 6, 2006 and the California Supreme Court on January 30, 2007. Because the California Supreme Court summarily denied Petitioner's petition, this Court must look through to the last reasoned decision addressing Petitioner's claims.

The Fresno County Superior Court issued the last reasoned decision on Petitioner's petition for a writ of habeas corpus on December 6, 2006. The court held that "[h]aving considered all documentation filed in this matter, the court finds that petitioner has failed to properly exhaust his existing administrative remedies in a timely manner." (Answer, Ex. F).

---

[2] 28 U.S.C. § 2254(e)(2) provides as follows: "If the applicant failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that– (A) the claim relies on– (I) a new rule of constitutional law, made retroactive by the Supreme Court, that was previously unavailable; or (ii) a factual predicate that could have been previously discovered through the existence of due diligence; and (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense."

This Court is unable to determine from the Fresno County Superior Court's decision what "documentation" or other evidence it considered in reaching its conclusion that Petitioner failed properly to exhaust his administrative remedies.

Therefore, it is hereby ORDERED that:

1. Petitioner shall file a motion for an evidentiary hearing that demonstrates whether he presented a factual basis before the Fresno County Superior Court to support his claim that the CDCR deprived him due process by "falsifying, antedating and manipulating official documents" that prevented him from filing a timely disciplinary appeal. The motion should also respond to the following questions: whether an evidentiary hearing was requested in the state court petition; what documentation Petitioner filed with the Fresno County Superior Court in his original habeas petition; and which *Townsend* factor or factors entitle him to an evidentiary hearing.

2. Alternatively, if Petitioner admits he failed to develop the factual basis for his claims in state court, he should proffer in his motion any facts that demonstrate that he qualifies for an evidentiary hearing under 28 U.S.C. § 2254(e)(2).

3. Petitioner's motion shall be filed on or before October 15, 2008.

4. Respondent shall respond to Petitioner's motion on or before November 5, 2008.

/////

DATED: September 11, 2008

/s/ Arthur L. Alarcón
UNITED STATES CIRCUIT JUDGE
Sitting by Designation