1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JASON SAUNDERS,

11            Petitioner,                    Case No. 1:07-cv-00525 ALA (HC)

12        vs.

13   JEREMY GARRISON,

14            Respondent.              <u>ORDER</u>

15   _____/

16        Petitioner Jason Saunders ("Petitioner") is a state prisoner proceeding *pro se* with an

17   application for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254(a).

18        In his application, Petitioner alleges that the California Department of Corrections and

19   Rehabilitation ("CDCR") deprived him due process by "falsifying, antedating and manipulating

20   official documents" to prevent him from filing a timely appeal of his disciplinary conviction.

21   (Pet. at 31; Reply at 2.)  Petitioner argues that his disciplinary appeal was untimely because he

22   received his Rules Violation Report ("RVR") on July 6, 2006, thereby making his appeal

23   automatically untimely under 15 C.C.R. § 3084.6(c).[1]  (Pet. at 9, Ex. 1.)  Respondent claims that

24   _____

25        [1]  15 C.C.R. § 3084.6(c) provides: "An appellant must submit the appeal within 15

26   working days of the event or decision being appealed, or of receiving an unacceptable lower
     level appeal decision."

1    Petitioner received his RVR on June 9, 2006 at 9:00 P.M., and thus had ample time to file a

2    disciplinary appeal within the time limit of 15 C.C.R. § 3084.6(c).  (Answer at 4.)  Petitioner

3    requested an evidentiary hearing as to this issue.

4              On September 11, 2008, this Court ordered Petitioner by October 15, 2008 to file "a

5    motion for an evidentiary hearing that demonstrates whether he presented a factual basis before

6    the Fresno County Superior Court to support his claim that the CDCR deprived him due process

7    by 'falsifying, antedating and manipulating official documents' that prevented him from filing a

8    timely appeal."  (Doc. 29.)  This Court ordered Petitioner to respond to the following questions:

9    "whether an evidentiary hearing was requested in the state court petition; what documentation

10   Petitioner filed with the Fresno County Superior Court in his original habeas petition; and which

11   *Townsend* factor or factors entitle him to an evidentiary hearing."  (Doc. 29.)  This Court

12   ordered, alternatively, that "if Petitioner admits he failed to develop the factual basis for his

13   claims in state court, he should proffer in his motion any facts that demonstrate that he qualifies

14   for an evidentiary hearing under 28 U.S.C. § 2254(e)(2)."  (Doc. 29.)

15             Petitioner has failed to file a motion or otherwise respond to the Court's order by October

16   15, 2008 demonstrating why he is entitled to an evidentiary hearing.

17             Accordingly, it is hereby ORDERED that Petitioner's request for an evidentiary hearing

18   is DENIED.

19   DATED: October 21, 2008

20                                                      /s/ Arthur L. Alarcón
                                                       UNITED STATES CIRCUIT JUDGE
21                                                     Sitting by Designation

22

23

24

25

26