1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10  JASON SAUNDERS,

11              Petitioner,                    Case No. 1:07-cv-00525 ALA (HC)

12       vs.

13  JEREMY GARRISON,

14              Respondent.              ORDER

15  _____/

16       Petitioner is a state prisoner proceeding *pro se* with an application for a writ of habeas

17  corpus filed pursuant to 28 U.S.C. § 2254(a).  Pending before this Court are Petitioner's

18  application for a writ of habeas corpus (Doc. 1), Respondent's Answer (Doc. 13), and

19  Petitioner's Traverse (Doc. 25).  For the reasons discussed below, Petitioner's application will be

20  denied.

21                                        **I**

22                                        **A**

23       Petitioner is in the lawful custody of the California Department of Corrections and

24  Rehabilitation (CDCR).  Petitioner is serving a twenty-year prison sentence following his

25  conviction for possession of a controlled substance in prison, transportation and sale of a

26  controlled substance, and purchase of cocaine for sale.  (Doc. 13, Ex. A [Abstract of Judgment]).

                                             1

**B**

Petitioner does not challenge his conviction.  Rather, Petitioner challenges a prison disciplinary hearing that resulted in a loss of credits.  The disciplinary decision stems from a September 30, 2005 incident where Petitioner and his cell mate Gonzales refused orders to "cuff up" so that they could be removed from their cell.  (Doc. 13, Ex. B [Rules Violations Report] at 1).  Earlier, Petitioner and Gonzales were observed by an officer dividing what appeared to be a white powder substance into lines.  *Id.* at 3.  Once Officer Garrison was able to open the cell door, Gonzales ran towards the toilet while Saunders "lunged" towards Garrison.  *Id.* at 1. Officer Garrison utilized his O.C. pepper spray and sprayed both Petitioner and Gonzales in the head and upper torso.  *Id.*  As officers were restraining Gonzales, Petitioner was "resisting by kicking his feet, as Officer Deathriage was pulling him out of his cell."  *Id.* at 2.  Officer Garrison was "struck on the right side of [his] forehead by [Petitioner's] right foot, knocking [Garrison] backwards."  *Id.*  Both Petitioner and Gonzales were eventually restrained.  *Id.*

At an April 22, 2006 prison disciplinary hearing, a hearing officer found Petitioner guilty of battery on a peace officer necessitating the use of O.C. pepper spray.  (*See* Doc. 13, Ex. B at 4-5).

**C**

On July 6, 2006, Petitioner attempted to file an administrative grievance challenging the disciplinary decision.  On July 13, 2006, the administrative grievance was rejected as untimely. (*See* Doc. 1, Ex. 1 [CDC Form 695]).  Although Petitioner claimed to have received a copy of the disciplinary decision only on July 6, 2006 (the same day he filed his administrative grievance), the rejection letter indicated that Petitioner was served with a copy on June 9, 2006. *See id.*  The letter also advised Petitioner that "Staff confirmed that the CDC 115 was issued [to Petitioner] during Third Watch."  *Id.*

**D**

Petitioner filed a habeas petition in the Fresno County Superior Court challenging the

1   disciplinary decision.  On December 6, 2006, the superior court denied the petition on the ground

2   that Petitioner failed to exhaust his administrative remedies.  (Doc. 13, Ex. C).  The superior

3   court also stated as follows:

4           [E]ven if this court were to find that petitioner did not receive his
            written copy of the disciplinary findings until July 6, 2006, the
5           evidence does not establish that he was subjected to a prejudicial
            denial of due process.  There is ample evidence to support the
6           disciplinary findings in this case.

7   *Id.*

8                                           **E**

9           Petitioner filed a habeas petition in the California Court of Appeal for the Fifth Appellate

10  District.  The petition was summarily denied on January 18, 2007.  (Doc. 13, Ex. E).

11                                          **F**

12          On January 30, 2007, Petitioner filed a habeas petition in the California Supreme Court.

13  (Doc. 13, Ex. F).  On March 14, 2007, the Court denied the petition, citing *In re Dexter*, 25 Cal.

14  3d 921 (1979).  (Doc. 13, Ex. G).

15                                          **G**

16          Petitioner filed the pending application for a writ of habeas corpus pursuant to 28 U.S.C.

17  § 2254(a) on April 4, 2007.  (Doc. 1).

18                                          **II**

19                                          **A**

20          The instant petition was filed after the enactment of the Antiterrorism and Effective

21  Death Penalty Act of 1996 ("AEDPA").  Under AEDPA, a federal court has limited power to

22  grant habeas corpus relief under § 2254.  AEDPA provides that

23          An application for a writ of habeas corpus on behalf of a person in
            custody pursuant to the judgment of a State court shall not be granted
24          with respect to any claim that was adjudicated on the merits in State
            court proceedings unless the adjudication of the claim –
25
            (1) resulted in a decision that was contrary to, or involved an
26          unreasonable application of, clearly established Federal law, as

1             determined by the Supreme Court of the United States; or

2             (2) resulted in a decision that was based on an unreasonable
determination of the facts in light of the evidence presented in the
3             State court proceeding.

4  28 U.S.C. § 2254(d).

5       Under § 2254(d)(1), "[a] state-court decision is 'contrary to'. . . clearly established

6  [United States Supreme Court] precedents if it 'applies a rule that contradicts the governing law

7  set forth in [Supreme Court] cases,' or if it 'confronts a set of facts that are materially

8  indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result

9  different from [the Supreme Court's] precedent." *Early v. Packer*, 537 U.S. 3, 8 (2002) (quoting

10  *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)).

11       Under the "unreasonable application" clause of § 2254(d)(1), a federal court may grant

12  habeas relief if the state court identified the correct governing legal principle from Supreme

13  Court precedent, but unreasonably applied that principle to the facts of the case at bar. *Williams*,

14  529 U.S. at 413.  A petitioner bears the burden of showing that the state court applied Supreme

15  Court precedent in an objectively unreasonable manner. *Price v. Vincent*, 538 U.S. 634, 641

16  (2003) (citation omitted).  A federal habeas court "may not issue the writ simply because that

17  court concludes in its independent judgment that the relevant state-court decision applied clearly

18  established federal law erroneously or incorrectly.  Rather, that application must also be

19  unreasonable." *Williams*, 529 U.S. at 411; *see also Lockyer v. Andrade*, 538 U.S. 63, 75 (2003)

20  (it is "not enough that a federal habeas court, in its independent review of the legal question, is

21  left with a firm conviction that the state court was erroneous") (internal quotation marks and

22  citations omitted).

23       Section 2254(d)(2) "authorizes federal courts to grant habeas relief in cases where the

24  state-court decision 'was based on an unreasonable determination of the facts in light of the

25  evidence presented in the State court proceeding.'" *Taylor v. Maddox*, 366 F.3d 992, 999 (9th

26  Cir. 2004) (quoting 28 U.S.C. § 2254(d)(2)).  "[A] federal court may not second-guess a state

1    court's fact-finding process unless, after review of the state-court record, it determines that the

2    state court was not merely wrong, but actually unreasonable." *Id.*

**B**

4        Furthermore, "[w]hen a state-law default prevents the state court from reaching the

5    merits of a federal claim, that claim can ordinarily not be reviewed in federal court." *Ylst v.*

6    *Nunnemaker*, 501 U.S. 797, 801 (1991) (citing *Wainwright v. Sykes*, 433 U.S. 72, 87-88 (1977)).

7    If a state court relies on a state procedural bar, federal habeas review is barred, so long as the

8    state's procedural rule is both independent and adequate. *Coleman v. Thompson*, 501 U.S. 722,

9    729-30 (1991). In *Coleman*, the Supreme Court held that

> [i]n all cases in which a state prisoner has defaulted his federal claim in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

13    *Id.* at 750.

**C**

15        In the instant application, Petitioner contends that the hearing officer's findings at the

16    prison disciplinary hearing – as well as the prison's refusal to accept his administrative grievance

17    – violated his due process rights.  (Doc. 1 at 5).

**D**

19        The Court concludes that Petitioner's application must be denied because his failure to

20    exhaust his administrative remedies constitutes a procedural default.  Here, Petitioner's habeas

21    petition was denied by the state courts on an independent and adequate state procedural ground.

22    (*See* Doc. 13, Ex. C).  In the last reasoned decision, the Fresno County Superior Court reviewed

23    Petitioner's claims and held that he had "failed to properly exhaust his administrative remedies

24    /////

25    /////

26    /////

1   in a timely manner." (Doc. 13, Ex. C).[1]  The California Supreme Court also denied the petition,

2   citing *In re Dexter*, which holds that "a litigant will not be afforded judicial relief unless he has

3   exhausted available administrative remedies."  25 Cal. 3d at 925 (citation omitted).

4         Petitioner claims that he was not permitted to exhaust his administrative remedies

5   because his administrative grievance was incorrectly rejected as untimely.  The evidence in the

6   record, however, indicates that Petitioner was served with a copy of the final report on June 9,

7   2006.  (*See* Doc. 1, Ex. 1 [CDC Form 695]).  Petitioner has failed to rebut the factual

8   determination made by the state court regarding the untimeliness of his administrative grievance

9   by clear and convincing evidence.  *See* 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an

10  application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State

11  court, a determination of a factual issue made by a State court shall be presumed to be correct.

12  *The applicant shall have the burden of rebutting the presumption of correctness by clear and*

13  *convincing evidence.*") (emphasis added).  Accordingly, as Petitioner has procedurally defaulted

14  on the claims raised in the instant application, the application is denied on this ground.

15                              **Conclusion**

16        It is hereby ORDERED that Petitioner's application for a writ of habeas corpus is

17  DENIED.  The Clerk is DIRECTED to enter judgment and close the case.

18  DATED: December 12, 2008

19                                    /s/ Arthur L. Alarcón
                                      UNITED STATES CIRCUIT  JUDGE
20                                    Sitting by Designation

21

22

23        [1]"In determining whether a state court decision is contrary to federal law, we look to the
      state's last reasoned decision." *Avila v. Galaza*, 297 F.3d 911, 918 (9th Cir.2002).  The Fresno
      County Superior Court issued a reasoned decision, and the California Court of Appeal
24    summarily denied the petition.  The California Supreme Court also summarily denied the
      petition. Accordingly, we must "look[] through" these denials to the last reasoned decision by a
25    state court – that is, the superior court's order – in determining Petitioner's claims. *See Ylst*, 501
      U.S. at 804.

26